**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOUDON VAN HOPE-EL, | ) Case No.: 1:18-cv-0441 - JLT |
| Plaintiff, | ) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | ) |
| UNITED STATES DEPARTMENT OF STATE, | ) (Doc. 44) |
| Defendant. | ) |

Joudon Van Hope-el asserts that the United States Department of State and the Department of Justice have violated his "cultural identity, integrity and cultural heritage by refusing to add [his] cultural title" to his passport." (Doc. 1 at 7) For this, he seeks compensation in the amount of $50 million dollars. (*Id.* at 9)

The Government seeks dismissal of the complaint "for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6)." (Doc. 44 at 3) For the reasons set forth below, the Government's motion to dismiss is **GRANTED**.

**I.     Background**

Plaintiff initiated this action by filing a complaint on April 2, 2018. (Doc. 1) He asserts the Government "violated [his] Indigenous Person's Rights" because "[t]he passport agency has charged [him] many times to get a passport" and refused a passport with his "cultural title of -EL." (*Id.* at 7)

According to Plaintiff, he first attempted to have his indigenous title added to his passport in January 2017. (Doc. 1 at 7-8) He asserts that he presented the agency with "a legitimate court order and an amended birth certificate from the State of California Vital Records Department." (*Id.* at 7) However, he asserts that his court order was "denied" by the agency, "which made [him] pay for another court order," which was also denied. (*Id.* at 8) Plaintiff alleges the agency also withheld his documents "without giving… the appropriate explanation as to why." (*Id.* at 7) Further, Plaintiff alleges the agency "defaced [his] picture," which resulted in him having to get another picture, and "misplaced [his] documents." (*Id.* at 8)

Plaintiff asserts he "made several calls to the passport agency more than 15 times and file[d] many complaints with them over the phone, [but] they keep giving [him] the run around." (Doc. 1 at 8) For example, Plaintiff reports that he spoke to an agent on January 19, 2018, who stated she saw the amended birth certificate and would "get an approval from a supervisor," but then six weeks went by "and nothing was taken care of currently." (*Id.*) Plaintiff alleges he "then reached out to the Passport agency via telephone and requested a callback," but instead received an email on March 14, 2018, indicated the passport application "was being processed." (*Id.*) Ten days later, Plaintiff received a "final notice" letter regarding his application, indicating his birth certificate was not accepted, though Plaintiff contends the letter "was not clear regarding the reason as to why." (*Id.*) Plaintiff then spoke to another representative, who stated she would "not… accept any document," and "would not give [Plaintiff] any legal reason in writing or law or statute or code that would explain [the] decision." (*Id.*)

He alleges that he is "very stressed out over this matter," and the problem with obtaining his passport has "caused… pain and suffering with indignation." (Doc. 1 at 9) He asserts he is "being held against his will like they are holding [him] for ransom which is kidnapping" and treated like a prisoner of war. (*Id.*) Plaintiff contends he is "being denied [his] recognition worldwide," and his "dignity has been impugned." (*Id.* at 9-10) Plaintiff alleges the government is "denying [his] freedom to travel internationally and nationally with [his] title," which he asserts is a violation of the American Declaration on the Rights of Indigenous Peoples, the Constitution, and "natural law of rights under God." (*Id.* at 9) He identifies the following provisions of law in his complaint: (1) the United Nations Declaration on the Rights of Indigenous Peoples, (2) the American Declaration on the Rights of

Indigenous Peoples, (3) 18 U.S.C. § 2265, (4) 18 U.S.C. § 241, (5) 18 U.S.C. § 1028; (6) 42 C.F.R. §435.407, (7) Article VI, clause 2 of the Constitution of the United States, (8) 25 U.S.C. § 199, (9) Cal. Civ. Code §§ 3509-3549, and (10) 18 U.S.C. § 96.[1] (*Id.* at 10-12) For these wrongs, Plaintiff is "asking for the [c]ompensated amount of $50 [m]illion dollars." (*Id.* at 9)

On October 29, 2018, Plaintiff perfected service upon the Government in accordance with Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. (*See* Doc. 33 at 1) The Government filed the motion to dismiss now pending before the Court on December 20, 2018. (Doc. 44) Plaintiff filed his opposition to the motion on January 4, 2019. (Doc. 45) The Court found the matter suitable for decision without oral arguments, and took the matter under submission pursuant to Local Rule 230(g) on January 17, 2019. (Doc. 47)

## II. Motion to Dismiss Pursuant to Rule 12(b)(1)

The district court is a court of limited jurisdiction, and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The federal courts are "presumed to lack jurisdiction in a particular case, unless the contrary affirmatively appears." *A-Z Int'l. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Thus, a plaintiff carries the burden of showing that the Court has subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. General Motors Acceptance Corp*, 298 U.S. 178, 182-83 (1936)); *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge a claim for relief for lack of subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)). Thus, "[a] jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir.

---

[1] Plaintiff also refers to several documents and cases, such as the papers of Abraham Lincoln, the Emancipation Proclamation, and *Marbury v. Madison*, 5 U.S. 137 (1803) under his "cause of action" section. However, Plaintiff does not identify a specific right or cause of action that he believes arise under these documents.

3

2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). The Ninth Circuit explained:

> In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1038 (9th Cir. 2004).

When, as here, a defendant challenges the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. *Thornhill Publishing Co.*, 594 F.2d at 733. The Court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988). Further, when a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, the plaintiff has the burden of proof that jurisdiction does exist. *Thornhill Publishing Co.*, 594 F.2d at 733.

### A. Sovereign Immunity

The United States is immune from suit unless it waives its immunity. *Dep't of Army v. Blue Fox, Inc.,* 525 U.S. 255, 260 (1999); *United States v. Mitchell*, 445 U.S. 535, 538 (1980). "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress. A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied." *Block v. North Dakota*, 461 U.S. 273, 287. (1983)

A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim. *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *United States v. Mottaz*, 476 U.S. 834, 841 (1986). A waiver of sovereign immunity by the United States must be expressed unequivocally. *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33 (1992).

### B. Discussion and Analysis

The Government asserts, "The Court lacks jurisdiction over Hope-el's claim for monetary damages stemming from the denial of his passport application because the government has not waived

its sovereign immunity for such a claim." (Doc. 44 at 4) The Government argues that Plaintiff "cites no statute that includes an express statutory waiver of the United States' sovereign immunity." (*Id.* at 4-5) According to the Government, Plaintiff instead identified "a handful of criminal statutes under Title 18 that have no correlation at all to the issuance or denial of a passport." (*Id.* at 5) In addition, the Government asserts that Plaintiff fails to show the United Nations Declaration on the Rights of Indigenous Peoples and the American Declaration of the Rights of Indigenous Peoples "are a waiver of the United States' sovereign immunity." (*Id.*)

Despite the government noting that there would be jurisdiction if Plaintiff was seeking equitable relief, Plaintiff reiterates that he "seek[s] monetary relief in the amount of 50 million dollars" in this action. (Doc. 45 at 3) According to Plaintiff, he is entitled to this compensation because "compensation has been granted to the American Indigenous [people] because of the lack of fiduciary duties by the defendants." (*Id.* at 4) Plaintiff argues, "There [have] been many cases that American indigenous tribes have received [m]onetary compensation against the U.S. government such as Colorado river Indian tribes vs. SMR Jewel." (*Id.*) Thus, Plaintiff contends sovereign immunity "does [n]ot [a]pply to this case." (*Id.*)

Significantly, Plaintiff fails to identify any statute demonstrating the United States has "unequivocally" waived its sovereign immunity for the claims presented, or supporting the conclusion Plaintiff is entitled to monetary damages for these claims. Although Plaintiff again refers to the rights of indigenous peoples and cites to the fact that, historically, the Government has paid money to indigenous individuals for various wrongs, Plaintiff fails to show *he* is entitled to compensation for the claims presented herein. For example, as the Government asserts, Plaintiff fails to demonstrate that the United Nations Declaration on the Rights of Indigenous Peoples and the American Declaration of the Rights of Indigenous Peoples constitute a waiver of sovereign immunity, or that monetary compensation is an available remedy against the Government under these Declarations.[2] Consequently, the Government's motion to dismiss under Rule 12(b)(1) is **GRANTED**.

---

[2] Indeed, there is no private right of action under declarations such as the United Nations Declaration on the Rights of Indigenous Peoples and the American Declaration of the Rights of Indigenous Peoples. *See, e.g., Sosa v. Alvarez-Machain,* 542 U.S. 692, 734 (2004) (finding the United Declaration of Human Rights "does not of its own force impose obligations as a matter of international law" upon the Government," and did not "create obligations enforceable in

### III. Motion to Dismiss Pursuant to Rule 12(b)(6)

#### A. Legal Standard

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (internal citations, quotation marks omitted). Further, allegations of a complaint must be accepted as true when the Court considers a motion to dismiss. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

A court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to officer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Therefore, the Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to

---

the federal courts"); *United States v. Chatman,* 351 Fed. Appx. 740, 741 (3d Cir. 2009) (recognizing that when the United Nations adopts a nonbinding declaration that contains a statement of principles, no private right of action exists); *Bey v. Malec*, 2018 WL 4585472 at *2 (N.D. Cal. Sept. 25, 2018) (dismissing a plaintiff's claims for violations of the United Nations Declaration on the Rights of Indigenous Peoples and the Universal Declaration of Human Rights" because neither Declaration was "binding in federal court"); *Townsend v. New Jersey Transit & Amalgamated Transit Union*, 2010 U.S. Dist. LEXIS 102451, at *13 (D.N.J. Sept. 27, 2010) (dismissing the claim for violation of the United Nations Declaration on the Rights of Indigenous Peoples because that declaration does not create a federal cause of action)

plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

**B.     Discussion and Analysis**

The Government contends that Plaintiff's complaint should be dismissed under Rule 12(b)(6) for failure to state a claim. (Doc. 44 at 4-5) Specifically, the Government asserts that Plaintiff "cites a handful of criminal statutes under Title 18" and fails to state "a claim based on a right to international travel." (*Id.* at 5)

1.     Title 18 Claims

The statutes arising under Title 18 of the United States Code, address violations of criminal law. Courts have determined repeatedly that claims arising under Sections 241, 1028, and 2265—which Plaintiff seeks to invoke here—fail because the statutes do not provide a private right of action or impose civil liability. *See, e.g.*, *See e.g., Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir.2006) (affirming the dismissal of a plaintiff's claims under 18 U.S.C. §§ 241 and 242 because they "are criminal statutes that do not give rise to civil liability"); *Murphy v. JP Morgan Chase*, 2015 WL 2235882 at * 4 (E.D. Cal. May 11, 2015) (finding a plaintiff did not have standing to pursue a claim under 18 U.S.C. § 1028 because the criminal statute did not provide a private right of action); *Mundkowsky v. Cnty. of L.A.*, 2015 U.S. Dist. LEXIS 89954 at*26-27 (C.D. Cal. June 2, 2015) (concluding "Section 2265 does not create a private right of action" because nothing in the "text either expressly or impliedly reflects that Congress intended to create a private right or a private remedy").

Likewise, Plaintiff is unable to state a claim against the Government under the Racketeer Influenced and Corrupt Organizations Act ("RICO") arising under 18 U.S.C. § 1960, *et seq.*, because the Government cannot be held liable under this criminal statute. *See Wolf v. United States*, 127 Fed. App'x 499, 500-01 (Fed. Cir. 2005) (affirming the dismissal of the plaintiff's claims "against the government based on RICO" where the trial court dismissed the claims "for failure to state a claim upon which relief can be granted" because "[t]he United States, as the government, cannot be liable for criminal acts under RICO").

Because Plaintiff's claims arising under 18 U.S.C. §§ 241, 1028, 2265 and RICO fail as a matter of law, these claims must be **DISMISSED**.

### 2. Right to international travel

The Government asserts that to the extent Plaintiff is "also alleging a claim based on a right to international travel, that claim should be dismissed for failure to state a claim upon which relief may be granted." (Doc. 44 at 5)

The Supreme Court determined that see the right of international travel "can be regulated within the bounds of due process." *See Haig v. Agee*, 453 U.S. 280, 306-07 (1981); *see also Aptheker v. Sec'y of State*, 378 U.S. 500, 505 ("The right to travel abroad is an important aspect of the citizen's 'liberty' guaranteed in the Due Process Clause of the Fifth Amendment"). Thus, the Ninth Circuit determined the right to travel internationally is protected by substantive due process. *See Eunique v. Powell*, 302 F.3d 971 (9th Cir. 2002) (recognizing the freedom to international travel as a protected right under substantive due process, though it may be infringed if the government has a legitimate interest and doing so is rationally related to this interest).

"To establish a violation of substantive due process . . . a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996), *cert. denied*, 520 U.S. 1240 (1997). Put another way, a plaintiff must allege facts sufficient to "show both a deprivation of her liberty and conscience shocking behavior by the government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." *Id.*, quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)

Plaintiff alleges no "conscience-shocking behavior" by the Government. Significantly, as the Government asserts, each passport applicant carries "the burden of establishing his or her identity," "which can be accomplished 'by the submission of a previous passport, other state, local or federal government officially issued identification with photograph, or other identifying evidence which may include an affidavit of an identifying witness.'" (Doc. 44 at 6, quoting 22 C.F.R. § 51.23(a)-(b)) Indeed, evidence provided by Plaintiff indicated that his passport was denied because the agency did not "receive[] the requested information" and the evidence provided by Plaintiff was "insufficient to establish [his] entitlement to a U.S. passport." (Doc. 45 at 51) Such a denial was "not arbitrary and

unreasonable." Accordingly, both the facts alleged and the evidence submitted to the Court demonstrate Plaintiff is unable to state a claim for a violation of the right to international travel against the Government.

**IV.     Conclusion and Order**

Plaintiff has failed to meet his burden to demonstrate the Court has subject matter jurisdiction over his claims or to allege facts sufficient support his claims. *See Kokkonen*, 511 U.S. at 377; *Iqbal*, 556 U.S. at 678. Based upon the foregoing, the Court **ORDERS**:

1. Defendant's motion to dismiss (Doc. 44) is **GRANTED**;
2. Plaintiff's complaint is **DISMISSED** without prejudice for lack of jurisdiction; and
3. The Clerk of Court is **DIRECTED** to close this case, as this order terminates the matter in its entirety.

IT IS SO ORDERED.

Dated:   **January 22, 2019**              /s/ Jennifer L. Thurston
                                           UNITED STATES MAGISTRATE JUDGE