# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOUDON VAN HOPE-EL, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, <br><br> Defendant. | Case No.: 1:18-cv-0441 – JLT <br><br> ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND AND CORRECT A CLERICAL ERROR FOR LACK OF JURISDICTION <br><br> (Doc. 54) |

**I.  Background**

Joudon Van Hope-el alleged that the United States Department of State and the Department of Justice have violated his "cultural identity, integrity and cultural heritage by refusing to add [his] cultural title" to his passport." (Doc. 1 at 7) For this, he requested compensation in the amount of $50 million dollars. (*Id.* at 9) The Government sought dismissal of the complaint "for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6)." (Doc. 44 at 3) On January 23, 2019, the Court granted the Government's motion to dismiss. (Doc. 48)

Plaintiff filed a Notice of Appeal on February 20, 2019. (Doc. 50)  After the appeal was processed to the Ninth Circuit, he attempted to file a proposed amended complaint. However, the document was returned to Plaintiff by the Clerk of Court, because the matter is closed.  Plaintiff asserts the return of his proposed amended complaint was a clerical error and seeks correction of this

1

under Rule 60 of the Federal Rules of Civil Procedure. In addition, Plaintiff seeks leave to amend his complaint under Rule 15 of the Federal Rules of Civil Procedure. (Doc. 54)

**III. Jurisdiction and Leave to Amend the Complaint**

Significantly, it is well-established that upon the filing of a timely notice of appeal, jurisdiction is immediately transferred from the district court to the appellate court. *See, e.g., Hovey v. McDonald*, 109 U.S. 150, 157 (1883) ("an appeal suspends the power of the court below to proceed further in the cause"); *Pyrodyne Corp. v. Pyrotronics Corp.*, 847 F.2d 1398, 1403 (9th Cir. 1988) (filing of a notice of appeal generally divests a district court of jurisdiction to determine the "substantial rights" at issue in an action during the pendency of the appeal). Instead, during the pendency of the appeal, the district court retains only the limited jurisdiction to assist the appellate court in its resolution of the appeal. *See United States v. Lafko*, 520 F.2d 622, 627 (3d Cir. 1975).

Because Plaintiff has appealed the Court's order dismissing the action for lack of jurisdiction to the Ninth Circuit, the district court now lacks jurisdiction to allow Plaintiff to file an amended complaint in this action.

**III. Clerical Error**

Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed.R.Civ. P. 60(a) Further, Rule 60(a) indicates that "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." *Id.* Because Plaintiff's appeal has been docketed in the Ninth Circuit, any identified clerical error may only be corrected with leave from the Ninth Circuit.

**IV. Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion to correct a clerical error is **DENIED**; and
2. Plaintiff's motion to amend the complaint is **DENIED** for lack of jurisdiction.

///
///
///

2

**<u>Plaintiff is advised that no further filings will be accepted in this action</u>**—including proposed amended complaints. The Court will take its direction as to whether or how to proceed directly from the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: __**June 12, 2019**__                  __**/s/ Jennifer L. Thurston**__
                                                                   UNITED STATES MAGISTRATE JUDGE